IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

RECEIVED
USDC CLERK, GREENVILLE, SC
2018 MAY -8 PM 12:11

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 6:18CR481 |
| | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 201(c)(1)(B) |
| vs. | ) | 18 U.S.C. § 208(a) |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 28 U.S.C. § 2461(c) |
| DONNA BECKER | ) | |
| MARCELA DOLORES FARRER | ) | |
| CAROL GUARDIOLA | ) | INDICTMENT |

COUNT 1

THE GRAND JURY CHARGES:

1. That beginning at a date unknown to the Grand Jury but from at least in or about 2012, and continuing thereafter until the date of this Indictment, the exact dates being unknown to the Grand Jury, in the District of South Carolina and elsewhere, the defendants, DONNA BECKER, MARCELA DOLORES FARRER, and CAROL GUARDIOLA, knowingly and willfully did combine, conspire, confederate, agree and have a tacit understanding with each other and with others known and unknown to the Grand Jury, to knowingly engage in criminal conflicts of interest, to corruptly accept payments because of the performance of an official act, and to knowingly commit healthcare fraud, in violation of Title 18, United States Code, Sections 208, 201 and 1347.

Manner and Means

2. It was part of the conspiracy that Defendants worked as health care providers

for the Department of Veterans Affairs ("VA"). Defendants also provided wound care services to patients of the VA.

3. It was further part of the conspiracy that Defendants, in the course of their employment with the VA, utilized skin grafting products provided by MiMedx Group, Inc. ("MiMedx").

4. It was further part of the conspiracy that the Defendants cultivated relationships with MiMedx sales representatives and other officials.

5. It was further part of the conspiracy that Defendants received benefits from MiMedx in the form of meals, salaries, trips, gifts, and other in-kind inducements (collectively "gratuities") which caused the Defendants to order, purchase, and use MiMedx products on VA patients.

6. It was further part of the conspiracy that DONNA BECKER and MARCELA DOLORES FARRER participated in speaking engagements on behalf of MiMedx. The goal of these speaking engagements was to increase sales to VA facilities. By accepting these speaking engagements DONNA BECKER and MARCELA DOLORES FARRER became employees, agents, or independent contractors of MiMedx.

7. It was further part of the conspiracy that the Defendants caused the excessive use of MiMedx products on VA patients in South Carolina.

<u>Overt Acts</u>

8. In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the District of South Carolina and elsewhere:

a. In 2013 and 2014, MARCELA DOLORES FARRER gave three presentations on behalf of MiMedx for which she received compensation from MiMedx.

b. During the course of the conspiracy period, CAROL GUARDIOLA used graft material without a consignment agreement between the VA and MiMedx for the storage, transfer, and use of the graft material.

c. During the course of the conspiracy period, DONNA BECKER did not follow any nationally available criteria prior to the use of MiMedx products.

d. In or around October 2015, DONNA BECKER arranged for her daughter to use the beach house of a MiMedx representative.

e. During the course of the conspiracy period, DONNA BECKER received multiple gifts cards from a MiMedx representative.

f. During the course of the conspiracy period, DONNA BECKER received multiple meals from a MiMedx representative.

g. On or about December 16, 2015, DONNA BECKER when disclosing her outside MiMedx work to the lead provider at the Greenville Outpatient Clinic failed to inform the lead provider that she was being paid by MiMedx.

h. In 2013, MARCELA DOLORES FARRER received approximately $4,500 from MiMedx.

i. In 2014, MARCELA DOLORES FARRER received approximately $4,400 from MiMedx.

j. In 2015, MARCELA DOLORES FARRER received approximately $3,300 from MiMedx.

k. In 2012, MARCELA DOLORES FARRER used the beach house of a VA vendor.

l. During the course of the conspiracy, DONNA BECKER was paid $19,897.50 from MiMedx for speaking engagements.

m. During the course of the conspiracy, CAROL GUARDIOLA received meals and various gratuities from a MiMedx representative.

n. During the course of the conspiracy, MARCELA DOLORES FARRER purchased stock in MiMedx.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

THE GRAND JURY FURTHER CHARGES:

9. The allegations of paragraphs 2-7 are realleged as if fully set forth herein.

10. Between October 27, 2012, and April 22, 2016, in the District of South Carolina, Defendant DONNA BECKER, being a public official and civilian employee of the Department of Veterans Affairs, an agency of the United States, did, directly and indirectly, knowingly demand, seek, receive, accept, and agree to receive and accept, something of value personally, namely, monetary payments from MiMedx in the amount of $19,897.50, for and because of an official act performed and to be performed by BECKER, namely, promoting and making recommendations and requests for orders of the medical product EpiFix.

All in violation of Title 18, United States Code, Section 201(c)(1)(B).

COUNT 3

THE GRAND JURY FURTHER CHARGES:

11. The allegations of paragraphs 2-7 are realleged as if fully set forth herein.

12. In 2015, in the District of South Carolina, Defendant MARCELA DOLORES FARRER, being a public official and civilian employee of the Department of Veterans Affairs, an agency of the United States, did, directly and indirectly, knowingly demand, seek, receive, accept, and agree to receive and accept, something of value personally, namely, monetary payments from MiMedx in the amount of $3,300, for and because of an official act performed and to be performed by FARRER, namely, promoting and making recommendations and requests for orders of the medical product EpiFix.

All in violation of Title 18, United States Code, Section 201(c)(1)(B).

COUNT 4

THE GRAND JURY FURTHER CHARGES:

13. The allegations of paragraphs 2-7 are realleged as if fully set forth herein.

14. Between October 27, 2012, and April 22, 2016, in the District of South Carolina, Defendant DONNA BECKER, being an employee of the Department of Veterans Affairs, an agency of the United States, who served as a nurse practitioner, unlawfully, willfully, and knowingly did participate, personally and substantially as a Government officer and employee in a matter, to wit, the use and procurement of MiMedx skin grafting products, in which, to the knowledge of defendant, she had a financial interest.

All in violation of Title 18, United States Code, Section 208(a).

COUNT 5

THE GRAND JURY FURTHER CHARGES:

15. The allegations of paragraphs 2-7 are realleged as if fully set forth herein.

16. In 2015, in the District of South Carolina, Defendant MARCELA DOLORES FARRER, being an employee of the Department of Veterans Affairs, an agency of the United States, who served as a physician, unlawfully, willfully, and knowingly did participate, personally and substantially as a Government officer and employee in a matter, to wit, the use and procurement of MiMedx skin grafting products, in which, to the knowledge of defendant, she had a financial interest.

All in violation of Title 18, United States Code, Section 208(a).

COUNT 6

THE GRAND JURY FURTHER CHARGES:

17. The allegations of paragraphs 2-7 are realleged as if fully set forth herein.

18. Between in or about January 2013 and June 10, 2016, in the District of South Carolina, Defendant CAROL GUARDIOLA, being an employee of the Department of Veterans Affairs, an agency of the United States, who served as a physical therapist, unlawfully, willfully, and knowingly did participate, personally and substantially as a Government officer and employee in a matter, to wit, the use and procurement of MiMedx skin grafting products, in which, to the knowledge of defendant, she had a financial interest.

All in violation of Title 18, United States Code, Section 208(a).

## FORFEITURE

A. CONSPIRACY:

Upon conviction for violation of Title 18, United States Code, Section 371 (conspiracy to violate 18 U.S.C. §§ 201 and 1347) as charged in Count 1 of this Indictment, the Defendants, **DONNA BECKER, MARCELA DOLORES FARRER** and **CAROL GUARDIOLA**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained directly or indirectly as a result of such offense.

B. CORRUPTLY ACCEPTING PAYMENTS:

Upon conviction for violation of Title 18, United States Code, Section 201 as charged in Counts 2 and 3 of this Indictment, the Defendants, **DONNA BECKER** and **MARCELA DOLORES FARRER**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained directly or indirectly as a result of such offense.

C. PROPERTY:

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the property subject to forfeiture includes, but is not limited to, the following:

Cash Proceeds/Money Judgment:

A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or that such sum equals all property derived from or traceable to their violation of 18 U.S.C. §§ 201, 371, and 1347.

D. <u>SUBSTITUTE ASSETS:</u>

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the Defendants –

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said Defendants up to the value of the above described forfeitable property;

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

A True Bill

REDACTED

FOREPERSON

BETH DRAKE (WJW/jal)
UNITED STATES ATTORNEY